**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE ANTONIO ROLDAN-BARRERA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    19-71993

Agency No. A205-417-061

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021**

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Jose Antonio Roldan-Barrera, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We deny in part and dismiss in part the petition for review.

In his opening brief, Roldan-Barrera does not challenge the agency's dispositive bases for denying his claims for asylum and withholding of removal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to his asylum and withholding of removal claims.

In his opening brief, Roldan-Barrera does not contest the BIA's dispositive determination that he waived challenge to the IJ's denial of his CAT claim. *See id*. Thus, we also deny the petition for review as to Roldan-Barrera's CAT claim.

We lack jurisdiction to consider Roldan-Barrera's contentions regarding ineffective assistance of counsel because he failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency); *see also Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) (requiring a petitioner who argues ineffective assistance of counsel to exhaust administrative remedies by first presenting the issue to the BIA).

We do not consider the materials Roldan-Barrera references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955,

963 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**